FRANK A. DiPrete *et al. vs.* JOHN M. VALLONE.

JULY 13, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for specific performance of a contract to purchase certain real estate situated in the city of Cranston belonging to the City Loan Co., Inc., a Rhode Island corporation. The cause was heard in the superior court on bill and answer, and a decree as prayed for in the bill was duly entered. From that decree respondent has appealed to this court.

In his reasons of appeal the respondent has set out several reasons but relies solely upon the ground that the decree is against the law. He contends that he should not be compelled to perform his contract to purchase the real estate in question, because the persons with whom he contracted cannot give him a good and marketable title. Those persons are not the complainants described in the bill but are three directors of the corporation, which was formally dissolved by a decree of the superior court on December 22, 1937. These directors were authorized by the court "to liquidate the assets of the corporation into cash" and "from time to time distribute the same pro rata among the stockholders."

At the time of the entry of the decree in the case at bar the complainants were all of such stockholders and included among them were the said directors but they are not described in the bill of complaint as such directors. The

real estate in question here was then undisposed of and still of record in the name of the corporation. For some unexplained reason it was not converted into cash at the time when other corporate assets were so converted and distributed. The stockholders, however, now claim that the directors have the power to convey to respondent a good title to this real estate because of a vote of the stockholders authorizing said directors to dissolve the corporation, and also because of the decree of the superior court vesting them with the authority to turn the corporate assets into cash and distribute it to the stockholders according to their interests in the corporation.

Respondent claims that, under general laws 1938, chapter 116, article II, §63, such power and authority have ceased because three years have elapsed since the decree of dissolution was entered. He further contends that the title is, therefore, in the stockholders, themselves, as tenants in common and not in the directors as trustees for them.

This is the sole issue which we are asked to decide. In their briefs the parties agree that the controversy is purely a question of law, namely, whether the so-called trust theory or tenant in common theory is to be applied to determine in whom is vested the title to a dissolved corporation's real estate after the time limited by the statute for winding up its corporate life has expired. While we say this is the controversy, there is in reality no controversy between the parties on that issue. In his brief the respondent, contrary to the reason of appeal upon which he relies, agrees with the complainants that the trust fund theory, which holds that the power to convey title is in the directors, is the correct theory.

In essence then the instant cause is but a superficial controversy by which the parties ask us to declare the law generally on this question and settle it for all future cases. They appear to be indirectly seeking a determination such as is obtainable by certification of a question of doubt and importance. There is, however, an express method under

our statute (G. L. 1938, chap. 545, §5) by which such a question may be presented here, and it does not seem to us that an appeal ought to be permitted for such a purpose.

It appears from the record that the trial justice indicated to the parties the doubtful character of the proceeding before him but felt there was nothing that he could do but decide the legal question raised by the bill and answer. The record shows that he entered the decree almost *pro forma* without actually passing upon the question. The parties had a decree ready for his signature at the hearing and the respondent stated that he was going to appeal from it solely to have the question of law finally determined by this court. This procedure strongly suggests that it is a mere collusive appeal prosecuted for the purpose of presenting a case to this court, to decide not the rights of the parties in that case primarily as is the normal situation, but solely to settle a question of title to real property generally, under such circumstances as appear in the case at bar. It is the province of this court, and exclusively of this court, to settle the law of the state; but it is not and has not been its custom to do so except as an incident to the final and necessary adjudication of a real justiciable controversy before it. Opinions of the justices given under sec. 2 of art. XII of amendments to the state constitution are merely advisory.

Assuming that all the necessary parties were before the superior court on the instant bill, its decree determining the issues raised by the bill and answer would be final and conclusive upon all the parties and their privies unless appealed from. Such a decree, while it would by no means settle the law of the state on the question which was before the superior court, would undoubtedly settle irrevocably the law of the specific case before it. Therefore, in the case at bar such a decree would unquestionably establish the title to the particular parcels of real estate which are the subjects of the bill of complaint. This is elementary.

The difficulty, if there is one, arises over the question whether all necessary and proper parties are before the

court. The instant bill is defective in this respect in two particulars. The first is more serious than the second and is fatal to review in this court.

The stockholders of the dissolved corporation and personal representatives of deceased stockholders are the complainants here. Three of their number were deceased and their estates are represented in one instance by an executor of the will of the deceased and in the other two instances by the administratrix of the estate of the deceased. If the trust fund theory is the law of this state all necessary parties would appear to be present, but that is the very issue to be decided by the suit, and complainants concede that there is another theory with authority behind it, namely, the tenant in common theory. If that theory is the law, then the heirs and devisees of the deceased stockholders are necessary parties, as they would have an interest under such theory different from the personal representatives of the deceased stockholders whose interest it is to contend that, as to the stockholders, the dissolved corporation's realty is personalty.

Actually, therefore, no one in this proceeding has represented the possible interests of such heirs, as respondent is not interested, except technically, either way and has acted accordingly. Indeed, if we strip his appeal of the formal reasons which it was necessary for him to assert to bring the cause here, and consider his position as he has briefed and argued it, we find that he has crossed the floor, surrendered the issue and joined the complainants. Justice requires that those whose interest it would serve to have the tenant in common theory prevail should be given an opportunity to be heard before the issue is determined by the superior court and by this court finally, if a proper appeal brings the cause here.

The second defect in the bill is that it fails to make the directors, with whom alone the respondent contracted, parties to the bill. While as individual stockholders they are among the complainants, they are not made such in

their representative or trust capacity as directors who contracted with the respondent. We think that they should be either joined as complainants or made parties respondent. It seems incongruous to ask the court for specific performance of a contract with only one of the parties to the contract before the court. Whether failure to make the directors parties as such directors, in view of the admitted stockholders' interest in the corporate realty, whatever its character, was also fatal, we need not consider further, since the first above discussed defect is sufficient to require us to remand the cause to the superior court for further proceedings.

For the reason just before mentioned, and not for the reason advanced by respondent, the appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Daniel A. Colton,* for complainants.

*Ralph Rotondo,* for respondent.